IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


GARFIELD DAVIS,

                            Plaintiff,
                                                CIVIL ACTION
            vs.                                 No. 06-3334-SAC

WYANDOTTE COUNTY SHERIFF'S OFFICE, et al.,

                            Defendants.



                            <u>ORDER</u>

     A prisoner confined in the Wyandotte County Detention Center in
Kansas City, Kansas, presents a pro se civil complaint in which he
seeks relief under 42 U.S.C. § 1983.  Plaintiff also seeks leave to
proceed in forma pauperis in this action pursuant to 28 U.S.C. §
1915.

     The Prison Litigation Reform Act enacted in April 1996
substantially altered the manner in which indigent prisoners may
proceed in the United States District Courts.  Significant to the
present case, § 1915 now provides that:

        "In no event shall a prisoner bring a civil action or
        appeal a judgment in a civil action or proceeding under
        this section if the prisoner has, on 3 or more prior
        occasions, while incarcerated or detained in any facility,
        brought an action or appeal in a court of the United
        States that dismissed on the grounds that it is frivolous,
        malicious, or fails to state a claim upon which relief may

Dockets.Justia.com

be granted, unless the prisoner is under imminent danger

of serious physical injury."

28 U.S.C. § 1915(g) (as amended April 26, 1996).

Court records reflect that plaintiff's litigation history in federal courts brings him within this statutory provision.[1] Although plaintiff broadly states his confinement in the Wyandotte Adult Detention Center subjects him to "imminent danger of serious physical injury," the court finds this vague and conclusory statement is insufficient to establish a credible real or proximate threat of injury for the purpose of excusing plaintiff from the fee obligation in § 1915(g). *See* White v. State of Colo., 157 F.3d 1226, 1231-32 (10th Cir. 1998)(prisoner fails to qualify for imminent danger exception under 28 U.S.C. § 1915(g) if complaint makes only vague and unspecific allegations), *cert. denied*, 526 U.S. 1008 (1999). Accordingly, plaintiff may proceed in this matter only if he pays the $350.00 fee required for filing this civil action.

IT IS, THEREFORE, BY THE COURT ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is denied.

IT IS FURTHER ORDERED that plaintiff is granted thirty (30) days from the date of this Order to submit the $350.00 filing fee. Failure to pay the full filing fee by that time will result in the dismissal of this action without prejudice.

---

[1]*See* Davis v. Robinson, Case No. 92-3118-DES(complaint dismissed as frivolous); Davis v. State of Kansas, Case No. 94-3177-RDR(complaint dismissed as frivolous); Davis v. U.S. Attorney General, Case No. 95-3102-DES (complaint dismissed as frivolous and abusive).

**IT IS SO ORDERED.**

DATED:  This 5th day of December 2006 at Topeka, Kansas.


_ s/ Sam A. Crow_____
SAM A. CROW
U.S. Senior District Judge